NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| FERNANDO ARTURO HASBUN, | : | |
| Petitioner, | : | Civil No. 13-1409 (FLW) |
| v. | : | |
| BRIAN ELWOOD, et al., | : | OPINION |
| Respondents. | : | |

**APPEARANCES:**

Fernando Arturo Hasbun, *Pro Se*
A# 038-504-739
Hudson County Correctional Institution
30-35 Hackensack, 3 North
Kearny, NJ 07032

**WOLFSON, District Judge**

Petitioner Fernando Arturo Hasbun ("Petitioner"), an immigration detainee, was detained at the Monmouth County Correctional Center, Freehold, New Jersey, when he submitted this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

As a native and citizen of the Dominican Republic, Petitioner admits that he was sentenced in New York state for drug offenses, and taken into criminal custody for these removable offenses on April 2, 2008 (Petition, ¶¶ 9, 17). He was sentenced to a term of one year

of imprisonment, and five years of probation.  He was released from custody in May of 2008, but not detained by the Bureau of Immigration and Customs Enforcement ("ICE") until July 25, 2012, over four years after his release from prison and with ten months remaining on his probation term.  He has been detained by ICE since that date.  (Pet., ¶¶ 9, 28).  Petitioner does not have a final order of removal and is awaiting a hearing for relief under the Convention Against Torture (Pet., ¶ 19).

Petitioner contends that he is not subject to mandatory detention without a bond hearing under 8 U.S.C. § 1226(c), because he was not taken into ICE custody when released from prison for a removable offense, (Pet., ¶ 29[1]), and because he is not a danger to the community (Pet., ¶ 21).

On April 22, 2013, the Court of Appeals for the Third Circuit resolved the same type of challenge raised by Petitioner, holding that, even if 8 U.S.C. § 1226(c)(1) calls for detention *when* an alien was released, nothing in the statute suggests that the immigration officials would lose their authority to institute the removal

---

[1] Petitioner appears to assume that his 2008 release date is the date from which he was "released" from custody, although he was sentenced to probation for an additional five years following that date.  The Third Circuit has not addressed whether, in such an instance, the date he would be released from probation should control.  Here, because Petitioner's claim fails even if the Court relies on his 2008 release date, for the reasons explained herein, the Court need not decide which release date should govern the "when released" analysis.

proceeding and mandatorily detain the alien, if they delayed. *See Sylvain v. Attorney General of United States*, 714 F.3d 150,157 (3d Cir. 2013). The Court of Appeals, therefore, held that an alien asserting the type of claim raised here was not entitled to habeas relief simply because the alien asserted that the immigration officials delayed taking him/her into custody. *See id.* Correspondingly, Petitioner's challenge is without merit.[2]

---

[2] Furthermore, this Court notes that if Petitioner is now being detained after a removal order has been entered, under 8 U.S.C. § 1231(a), the post-removal order statute, the Attorney General has ninety (90) days after the entry of a removal order to remove Petitioner. *See* 8 U.S.C. § 1231(a)(1)(A). The statute then commands that "[d]uring the removal period, the Attorney General shall detain the alien." 8 U.S.C. § 1231(a)(2). With respect to criminal aliens such as Petitioner, the statute specifically provides that, "[u]nder no circumstance during the removal period shall the Attorney General release an alien who has been found ... deportable under section 1227(a)(2) ... of this title." 8 U.S.C. § 1231(a)(2).

At the end of the ninety (90) day period, ICE may continue to hold the alien, or it may grant supervised release. *See* 8 U.S.C. §§ 1231(a)(3) and (6). The discretion to detain an alien under § 1231(a) is limited by the Fifth Amendment's Due Process clause. *See Zadvydas v. Davis*, 533 U.S. 678, 693–94 (2001). In *Zadvydas*, the United States Supreme Court determined that "[§ 1231(a)(6)], read in light of the Constitution's demands, limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States. It does not permit indefinite detention." *Id.* "[F]or the sake of uniform administration in the federal courts," the Court recognized six (6) months as a presumptively reasonable period of detention. *Id.* at 701.

If at some point in the future Petitioner's detention becomes illegal or unconstitutional under the post-removal order statute or *Zadvydas*, Petitioner may file another § 2241 petition for relief from this Court.

For the foregoing reasons, the Court dismisses Petitioner's application for habeas relief pursuant to 28 U.S.C. § 2241.

An appropriate Order follows.

                                                       /s/Freda L. Wolfson
                                                      FREDA L. WOLFSON
                                                      United States District Judge

Dated: August 13, 2013